Holt agt. Harrison.

A. BENEDICT, *defendant's counsel and attorney.*
J. H. COLLIER, *plaintiff's counsel.*
WESTCOTT & GIDNEY, *plaintiff's attorneys.*

---

## ROBERT M. HOLT agt. TIMOTHY S. HARRISON.

Where a supreme court commissioner has made an order to discharge a defendant from his bail bond to the sheriff, upon his filing common bail, and common bail has been filed, and the bail bond to the sheriff *delivered up and canceled*, it is then too late to move to vacate the order of the commissioner discharging the defendant on filing common bail, the bond having been delivered up and canceled, the sheriff has no means of compelling the defendant to put in special bail. (*See ante, p.* 91.)

*It seems* that a plaintiff should show *clearly* a good cause of action, in order to hold a defendant to bail.

*September Term*, 1846.

MOTION by plaintiff to set aside an order of supreme court commissioner *discharging defendant on filing common bail.

Holt agt. Harrison.

This was an action of trespass. *de bonis asportatis*, commenced by capias. Defendant was held to bail in the sum of $200. The writ was returnable 18th of July last. On the 18th of July defendant appeared in the cause by attorney. On the 29th of July defendant's attorneys served plaintiff's attorney with an order to show cause of action before A. C. Farlin, Esq., supreme court commissioner residing at Glen's Falls, Warren county, on the 3d day of August, 1846, on which day the attorneys for the respective parties appeared before the commissioner, and plaintiff's attorney read and filed an affidavit as follows, to wit : (title, venue, &c.) "Robert M. Holt, the plaintiff in the above entitled cause, being duly sworn, deposes that, some time in the fore part of the month of June last, he owned and possessed the canal boat Oregon, and two horses, and that while he was so possessed, Timothy S. Harrison above named, the defendant in this cause, by force took the said boat from the possession of this deponent, and took the said horses from this deponent, and detained said boat and horses for the space of one week. And this deponent says that the interruption of his business, and his costs and expenses, in consequence of such seizure and detention, injured and damaged this deponent to an amount of not less than seventy-five dollars, and that said boat was seized and said injury inflicted before the commencement of this suit."

Defendant's attorneys read and filed a counter affidavit, which stated, in substance, that the defendant on his arrest gave the usual bail bond to the sheriff of Washington county, to whom the writ was directed and delivered, that no special bail had been put in by defendant, that the action was brought to recover damages alleged to have been sustained by the plaintiff, in consequence of the taking by the defendant of the personal property mentioned in a mortgage executed by the plaintiff to the defendant (a copy of which was annexed), such taking being under the mortgage, and as the defendant claimed by virtue thereof; the taking was on or about the 24th of June, 1846, and the property was advertised

for sale under the mortgage, the sale to be made on the 30th of June, 1846, at Glen's Falls, where the property was taken, the property being kept and detained by the defendant from the 24th to the 30th of June, for the purpose of the sale under the mortgage. At the time and place of sale the plaintiff and defendant attended, and the defendant, with the consent of the plaintiff, assigned the mortgage to one Charles Rockwell, and the plaintiff then, with the consent of Rockwell and the defendant, retook the mortgaged property, and after-[*234] wards and then held and enjoyed the same. *This action was brought solely to recover damages pretended to have been sustained by the plaintiff, by reason of the said taking and detention of the mortgage property by. the defendant for the purpose aforesaid, and for no other or different cause of action; that the taking and detention of the property by Harrison was in consequence of the advice given by his counsel and legal advisers, that he was authorized so to do, after the statement made by Harrison, *that he deemed himself in danger of losing the debt*, secured to be paid by the mortgage, by delaying the collection thereof until the time limited in the mortgage for its payment, and that such taking and detention and statement by Harrison was, as his attorney and counsel believed, in good faith. This affidavit was made by one of defendant's attorneys. It appeared from a copy of the mortgage annexed to the moving papers, that there was a clause contained in it, as follows: " but if default be made in such payment, or if the said party of the second part shall at any time deem himself in danger of losing the said debt or any part thereof, by delaying the collection thereof until the expiration of the time above limited for the payment thereof, the said party of the second part is hereby authorized to take possession of the said goods, chattels, and personal property, at any time either before or after the expiration of the time aforesaid, and to sell the same, &c." The mortgage was dated the 12th of June, 1846, and the sum secured by it was made payable on the *first day of November*, 1846.

The argument used before the commissioner against the

Holt agt. Harrison.

counter affidavit was, that it did not *show danger*.  The reply was, that such was not the language of the mortgage, but that if the *mortgagee deemed himself* in danger.  It was then urged that there was no evidence to show defendant *deemed himself* in danger.  The reply was, that his consulting counsel and taking the property under that clause was evidence, and cited 2 *Denio*, 61, 68, where executors had power to sell, " if they *deemed* it necessary to pay debts."  The objection raised in that case was, that it did not appear to be necessary.  The court said, the fact of the executors' selling showed that they *deemed* it necessary, and whether they judged right or wrong was immaterial.  The supreme court commissioner after the hearing made an order, bearing date August, 3, 184 ', that the defendant be discharged from his bail bond given to the sheriff upon filing common bail, and that the defendant be discharged from his liability to put in special bail.  On the 27th of August defendant's attorneys served on plaintiff's attorney a notice that, in pursuance of the order of the commissioner, common bail had been filed by the defendant in the cause, and that upon serving a *copy  [*235] of said order upon the sheriff, after filing common bail, the bond taken by the sheriff was delivered up and canceled.  The facts in that notice were sworn to, by one of the attorneys for defendant, to be true.

> N. HILL, JR., *plaintiff's counsel.*
> A. T. WILSON, *plaintiff's attorney.*
> D. WRIGHT, *defendant's counsel.*
> ROSEKRANS & FERRIS, *defendant's attorneys.*

BRONSON, Chief Justice.  It is not quite clear that the plaintiff has a good cause of action; and, besides, the bail bond has been delivered up and canceled.  The sheriff has now no means of compelling the defendant to put in special bail.  Motion denied.